# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

MARK DOUGLAS ALTHAGE,      )
                                 )
        Movant,           )
                                 )
      vs.                )         Case No. 4:13CV2384 CDP
                                 )
UNITED STATES OF AMERICA,   )
                                 )
        Respondent.   )

## MEMORANDUM AND ORDER

Movant Mark Douglas Althage brings this action to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Althage is serving a 96 month sentence following his conviction at bench trial of knowingly possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Case No. 4:10CR225 CDP.

Althage alleges that he received ineffective assistance of counsel. He raises a confusing group of arguments that the government's evidence regarding the interstate or foreign commerce element of the crime was insufficient, and argues that his counsel failed adequately to challenge that evidence and the legal basis for the conviction. His arguments are without merit and I will deny the motion without a hearing.

## I. **Background**

Althage went to trial on a one-count superseding indictment charging him with knowingly possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). He waived his right to a jury trial. After the trial, I entered detailed findings and conclusions setting out the reasons for the conviction. *See United States v. Althage,* Case No. 4:10CR225 CDP, Order, Findings and Conclusions dated June 3, 2011 [docket entry 68].

The bench trial took two days and I announced the decision in open court on the third day. Althage was charged with and convicted of possessing 22 video files containing child pornography; there were a total of 70 files found, but only 22 were charged. The computer had two hard drives, both produced in Singapore, and one of them was encrypted.[1] As set out in more detail in the Findings and Conclusions, the fact that child pornography was found on the computer was easily established by the government's evidence; the main contested issue was whether Althage knowingly possessed it. He testified that he did not know the child pornography was on the computer and suggested that his ex-wife had done it. Althage also called a computer forensic expert witness, who testified that child pornography was on the computer and in his opinion it had not been downloaded from the

---

[1] The government did not have access to the encrypted drive at the time of trial, so Althage was not charged or convicted of possessing the child pornography that was later found on that encrypted drive.

internet. The defense expert agreed that the two hard drives in the computer were products from Singapore. The government presented significant circumstantial evidence leading me to conclude that Althage knowingly possessed the materials. This included evidence that the computer had been used to search for child pornography at times Althage was the only one with access to it, the use of Althage's bank card and email to obtain an account allowing access to a child pornography website, and evidence that someone had accessed directories using the thumbnail view showing the first frame of several of the videos. This evidence, coupled with the fact that Althage's own testimony was not credible,[2] supported the conclusion that the government had met its burden of proving him guilty as charged.

After sentencing, Althage's trial counsel Murry Marks was granted leave to withdraw and the Federal Public Defender's office was appointed to represent him on appeal. On appeal Althage challenged the substantive reasonableness of his sentence. On August 8, 2012, the United States Court of Appeals for the Eighth Circuit affirmed Althage's conviction. *United States v. Althage*, 484 Fed. App'x. 76 (8th Cir. 2012) (per curiam).

---

[2] Among other things, I credited the testimony of Althage's ex-wife over his, and I found not credible his alibi evidence and his shifting stories about whether he knew the password to the encrypted hard drive.

## II. **Grounds for Relief**

Although Althage's motion itself raises only two grounds, his accompanying memorandum makes a number of related and unrelated arguments. The initial motion states the grounds as:

> (1)     Defense Counsel Murry Marks failed to investigate the government's evidence necessary to establish jurisdiction, commerce clause and the elements of the crime.

> (2)     Prosecutor Misconduct:  *Brady* issue – Fraud.

In his memorandum in support of the motion, Althage spends many pages arguing that the court had no jurisdiction over him, that the evidence showed his ex-wife had put the materials on the computer, that the government improperly failed to show a connection between child pornography accessed on the internet with Althage's bank card and the child pornography found on his computer, and the puzzling allegation that his guilty plea was not knowingly and voluntarily entered. I need not discuss the latter argument, because Althage did not plead guilty. I will not discuss his argument that his wife was responsible, because that was fully presented at trial and rejected. In his reply brief Althage abandoned his argument that the government somehow committed a violation of *Brady v. Maryland,* 373 U.S. 83 (1963), which was meritless in any event because the government never contended that the child pornography with which Althage was charged was downloaded from the internet.

### III.  **Timeliness of Althage's Motion**

The Government argues that Althage's motion is time-barred because it was filed after the expiration of the one-year statute of limitations contained in 28 U.S.C. § 2255(f).  Althage's conviction became final on November 6, 2012, ninety days after his appeal was denied.  Both Althage and the Government agree that the limitations period expired on November 6, 2013.

It is unclear exactly when the motion left Althage's hands.  This court received and docketed the motion on November 20, 2013.  It was originally received, however, by the Court of Appeals.  The Eighth Circuit Clerk of Court forwarded it to this court, with an accompanying letter stating the motion was received there on November 18, 2013.  The envelope in which it was originally received by the Court of Appeals bears a "Received" stamp with the date November 13, 2013, but that stamp is in a different format from the Eighth Circuit "Received" Stamp appearing on Althage's cover letter, which shows the November 18 date.  There are no cancellation marks or dated postmarks of any kind on the outside of the envelope.

Althage argues that the filing was timely based on the 'prison mailbox rule,' and asserts in his reply brief that he "maintains under penalty of perjury [that he placed it in the prison mail system] on November 5, 2013."  The actual motion, however, does not exactly say that.

Althage's original written motion is on a preprinted form containing the following statement: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on (month, date, year). Executed (signed) on _____ (date)." There is a blank line for the signature of the movant following the statement. Althage signed the form and filled in the "executed on" date as "11-05-2013." He did not, however, fill in the date on the part of the form saying when the motion was placed in the prison mailing system. The Government argues that this statement is therefore insufficient to fulfill the requirements of the prison mailbox rule.

In addition to the pre-printed motion form, Althage also submitted a memorandum in support of his motion. It contains the following certificate of service: "I, Mark Douglas Althage, do hereby certify that a true and correct copy of the foregoing document has been sent to Tiffany G. Becker, Assistant United States Attorney by placing it in institutional mail first class, postage paid on this the 5th of November, 2013." Althage's signature follows this declaration.

Under the prison mailbox rule, a prisoner's pro se motion is deemed filed on the date it is delivered to prison authorities for mailing to the court, and the prisoner must file a sworn declaration recounting the date upon which he left his petition with prison authorities for mailing. *Grady v. United States*, 269 F.3d 913,

916 (8th Cir. 2001). Although the statement in the motion itself did not set forth the date exactly as required, I conclude that could have been an unintentional oversight. Taken together with the other documents and statements filed contemporaneously, it satisfies the prison mailbox rule. Therefore, I will address Althage's motion on its merits.

## IV. **Ineffective Assistance of Counsel**

Althage's motion claims that counsel was ineffective because he failed to investigate and challenge "jurisdiction, commerce clause and the elements of the crime." He appears to be asserting that counsel should have argued that there was no proof of an interstate or foreign nexus because: (1) the child pornography for which he was convicted was not downloaded from the internet, and (2) the court lacked subject-matter jurisdiction because the computer was assembled from discarded parts and there was no evidence that the hard drive had traveled across state lines in its disassembled form. Althage argues that had his counsel conducted the proper investigation, he would have discovered that the government could not establish an interstate or foreign commerce nexus and the federal charges would have been dismissed.

The Sixth Amendment guarantees every defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on a claim of ineffective assistance a movant must show that (1) counsel's

performance was deficient and (2) that the deficient performance prejudiced his defense. *Id*. at 687. "Judicial scrutiny of counsel's performance must be highly deferential" and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. To demonstrate prejudice, a petitioner must show that but for counsel's errors, there is a reasonable probability that the result would have been different. *Id*. at 694. "[A] court need not address both components [of the *Strickland* test] if the movant makes an insufficient showing on one of the prongs." *Engelen v. United* States, 68 F.3d 238, 241 (8th Cir. 1995). Effective assistance of counsel requires that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691.

To the extent that Althage attempts to raise a free-standing claim that the court lacked jurisdiction, he is confusing the court's jurisdiction with what is often referred to as the "jurisdictional element" – the requirement that the government prove a nexus to interstate or foreign commerce, which is an element of many federal crimes, including 18 U.S.C. § 2252A This is not a proper claim that the court lacks jurisdiction, *see e.g., United States v. Ratigan*, 351 F.3d 957, 963 (9th Cir. 2003)("[T]he jurisdictional element of federal crimes does not present a pure question of the court's subject-matter jurisdiction. . . . It is not jurisdictional in the sense that it affects … a court's constitutional or statutory power to adjudicate a

case," *citing Hugi v. United States,* 164 F.3d 378 (7th Cir. 1999)); *see also United States v. White Horse,* 316 F.3d 769, 772 (8th Cir. 2003). Counsel could not have been ineffective for failing to challenge the jurisdiction of the court.

To the extent Althage is arguing that counsel was ineffective for failing to challenge whether the child pornography was downloaded from the internet, he is simply wrong on several levels. First, his counsel *did* present evidence that the child pornography was not downloaded from the internet – the defense expert witness testified that his examination of the computer revealed that the materials for which Althage was charged were placed on the computer from some unknown external device, and were not downloaded from the internet. Second, the government did not present evidence or otherwise argue that the material was downloaded from the internet. The government proved that Althage possessed the child pornography – it was not required to also prove that he downloaded it from the internet. The government proved the interstate or foreign commerce nexus by showing that the hard drives were manufactured outside the state of Missouri. Whether Althage used the internet to obtain this child pornography was thus not  a disputed issue,[3] and counsel cannot be considered ineffective for failing to develop this argument further.

_____

[3] The government did present evidence that the computer history showed internet searches using terms frequently used to seek out child pornography, and that a bank card associated with Althage and his email address were used to access a child pornography website, but this was

Althage's main argument about the jurisdictional element is that it could not be met because the computer had been assembled in Missouri from discarded parts, and he says his lawyer was ineffective for failing to raise this argument. Althage was charged by superseding indictment with violating 18 U.S.C. § 2252A(a)(5)(B) as follows:

> Mark Douglas Althage, the defendant herein, did knowingly possess material that contained an image of child pornography that was produced using materials that traveled in interstate and foreign commerce, to wit, [description of Althage's computer and hard drives], said computer hard drives having been produced outside Missouri and therefore having traveled in interstate and foreign commerce, and said computer and computer hard drives contained child pornography, including by not limited to, one of the following: [list of 22 video files]

[Superseding Indictment, p. 2-3]. The government presented evidence that both hard drives had been produced in Singapore and then imported to the United States, to states other than Missouri.[4] To be found in Missouri, they had to have traveled in interstate and foreign commerce. The evidence showed that the child pornography was downloaded to the hard drives. The government thus proved that the videos he was convicted of possessing were produced using materials that had traveled in interstate and foreign commerce. The jurisdictional basis for prosecution of possession of child pornography based upon materials that have

---

presented as circumstantial evidence going to his knowledge; it was not evidence that the child pornography for which he was convicted had been obtained from the internet.
[4] Both of the hard drives were clearly labeled as being made in Singapore and business records obtained from the manufacturer showed that they had been shipped to the United States. Althage's own computer forensics expert agreed that the hard drives were made in Singapore.

been transported in interstate or foreign commerce is well established. *See e.g.*
*United States v. Mugan*, 441 F.3d 622 (8th Cir. 2006). There is no doubt that the
jurisdictional or commerce element was met.

Two Eighth Circuit cases have discussed the jurisdictional element in some
detail. In *United States v. Inman,* 558 F.3d 742, 747 (8th Cir. 2009), the
convictions were affirmed where the government presented undisputed evidence at
trial that the hard drive of the computer containing the images had been made in
the Philippines, shipped somewhere to be assembled into a computer, and then
shipped into Missouri. *Id.* at 750. In contrast, in *United States v. Johnson,* 652
F.3d 918 (8th Cir. 2011), the Eighth Circuit reversed a conviction where the jury
instructions were improper and the evidence of the interstate nexus was not
conclusive. To the extent Althage is attempting to rely on these cases, they do not
support his argument that counsel was ineffective for failing to argue that a hard
drive produced in Singapore can no longer meet the jurisdictional element simply
because it might have been taken out of one computer and placed in another one.
The hard drive was still manufactured in Singapore, and counsel cannot be
ineffective for failing to make a baseless argument.

There is nothing in the statutory language or the case law to support
Althage's novel theories about the jurisdictional element. Counsel cannot be
ineffective for failing to raise a novel theory that has no support in the law. And

Althage cannot show that he was prejudiced by counsel's failure to raise this theory, because there is no chance that the argument would have been successful.

## V. Conclusion

There is no reason for an evidentiary hearing in this case. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States,* 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks and citation omitted). However, a hearing is not required when the claim is inadequate on its face or the record affirmatively refutes the factual assertions upon which the claim is based. *Id.* Because I find that Althage's claims are both inadequate and affirmatively refuted by the records and files before me, I will not hold a hearing.

I will not issue of a certificate of appealability. "A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1). A substantial showing is one where issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Because no reasonable jurist could find that Althage has made a substantial

showing that he was denied any constitutional right, no certificate of appealability will be issued.

Althage has filed a motion for appointment of counsel, a motion for leave to file a supplemental pleading, and a "Request for Evidence Rule 201(e) hearing on Matter of Judicial Notice." I will deny these motions. Althage's claims are meritless as conclusively demonstrated by the records of the case, and they are not factually or legally complex. Appointment of counsel is not necessary here.

Althage's motion to supplement and motion for Rule 201 hearing relate to what he characterizes as "newly discovered evidence." This argument appears to be currently in vogue in prisons and posits that the federal government lacks the power to prosecute crimes that are not committed on federal property. Althage also claims that the Assistant United States Attorney's failure to present evidence to the grand jury on this point was a "fraud on the court." I will deny these motions, as they are legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Mark David Althage's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [#1] is denied.

**IT IS FURTHER ORDERED** that this court will not issue a certificate of appealability because Althage has not made a substantial showing of a denial of any constitutional right.

**IT IS FURTHER ORDERED** that movant's motion for appointment of counsel, his motion to supplement, and his request for Rule 201 hearing  [##10, 11] are denied.

A separate judgment in accord with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of January, 2016.